UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: _____

KATRELLE STATEN,          )
                          )
    Plaintiff,            )
                          )
v.                        )
                          )
CITY COLLEGE, INC.,       )
                          )
    Defendant.            )
                          )
_____)

## COMPLAINT

Plaintiff KATRELLE STATEN ("Staten" or "Plaintiff") sues defendant CITY COLLEGE, INC. ("City College" or "Defendant") and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Staten's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").[1]

## PARTIES

2. At all times material, Staten was a resident of Broward County, Florida.

3. At all times material to this Complaint, Staten was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, Plaintiff will move to amend this Complaint to include claims of discrimination and retaliation under the ADA and the FCRA.

1

4. At all times material, City College was an "employer" as defined by 29 U.S.C.§ 2611(4).

5. At all times material, City College was a Florida corporation having its main place of business in Broward County, Florida. City College is and at all times relevant was, a private four-year college and its business activity affected interstate commerce.

6. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

## JURISDICTION AND VENUE

7. Staten brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Staten occurred within this judicial district and because City College has its principal place of business within the district, resides in the judicial district and because the employment records of Staten are stored or have been administered in Broward County.

## PROCEDURAL REQUIREMENTS

10. Staten has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Staten worked for Defendant as the Director of Career Services for over 5 consecutive years, since approximately April of 2016.

12. City College considered Staten a good employee.

13. From her date of hire until her unlawful termination, Plaintiff received satisfactory feedback from Defendant about her work performance.

14. In September of 2021, Staten needed to have surgery to repair a hernia.

15. Staten informed her supervisor and scheduled this surgery for September 21-22, 2021, days on which she was already scheduled to be off.

16. After the surgery was completed, Staten needed additional time to recover. Accordingly, she provided Defendant with a note from the surgeon stating she required additional time to heal, and she requested to work from home.

17. Defendant informed Plaintiff that she could work from home so long as she completed a set of forms that was sent to her via an electronic link.

18. Staten completed the required forms and returned them to Defendant.

19. Plaintiff was then terminated on September 30, 2021, for allegedly not submitting the forms associated with her leave.

20. Up until the time of Staten's termination, Defendant had not explained to Plaintiff her potential rights to leave under the FMLA.

21. Since the time of her termination, Plaintiff has lived anxious, stressed, with lack of self-esteem, and in physical and mental pain. Plaintiff has suffered damages.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE FMLA INFORMATION)

22. Staten repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. On September 21, 2021, Staten was eligible for FMLA leave.

24. At all times material, Staten gave proper notice to City College by informing it of her serious medical condition, which required surgery.

25. Defendant had the power to fire and hire Plaintiff.

26. Defendant controlled Plaintiff's work schedule and conditions of employment.

27. Defendant determined the rate and method of payment for Plaintiff.

28. Defendant provided enough information for City College to know that her leave may be covered by the FMLA.

29. Despite its knowledge of Staten's medical condition and need for surgery, Defendant failed to notify Staten of her eligibility status and rights under the FMLA and failed to notify Staten whether her leave was or could be designated as FMLA leave.

30. When City College failed to notify Staten of her eligibility status and rights under the FMLA and failed to notify Staten whether her leave was or could be designated as FMLA leave, Defendant interfered with Staten's rights under the FMLA.

31. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Staten's favor and against City College for interfering with Plaintiff's rights under the FMLA;

b. Award Staten actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Staten liquidated damages;

d. Award Staten prejudgment interest on her damages award;

e. Award Staten reasonable costs and attorney's fees;

f. Award Staten any further relief pursuant to the FMLA; and

g. Grant Staten such other and further relief as this Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS
## (TERMINATION)

32. Staten repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. On September 21, 2021, Staten was eligible for FMLA leave.

34. At all times material, Staten gave proper notice to City College by informing it of her serious medical condition which required surgery.

35. Staten provided enough information for City College to know that her leave may be covered by the FMLA.

36. Despite its knowledge of Staten's medical condition and need for surgery, City College terminated Staten instead of affording her the opportunity to request FMLA leave.

37. When City College fired Staten, it interfered with Staten's rights under the FMLA.

38. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

  a. Enter judgment in Staten's favor and against City College for interfering with Plaintiff's rights under the FMLA;

  b. Order reinstatement or compensatory mental damages;

  c. Award Staten actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

  d. Award Staten liquidated damages;

  e. Award Staten prejudgment interest on her damages award;

  f. Award Staten reasonable costs and attorney's fees;

  g. Award Staten any further relief pursuant to the FMLA; and

  h. Grant Staten such other and further relief as this Court deems equitable and just.

## COUNT III: FMLA RETALIATION

39. Staten repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. City College terminated Staten following her request for leave for the purpose of having a hernia surgery, which constitutes a request for taking FMLA leave.

41. City College terminated Staten because she requested FMLA leave as described above. Specifically, Staten requested FMLA leave when she explained that she needed surgery for her hernia and required additional time off to recover from the surgery. The condition that afflicted Staten, which necessitated surgery, was a serious medical condition.

42. City College has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Staten for having requested to take leave for medical reasons.

43. Staten's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

44. As a direct and proximate result of the intentional violations by City College of Staten's rights under the FMLA, Staten has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Enter judgment in Staten's favor and against City College for its violations of the FMLA;

b. Award Staten actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Staten compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Staten has and continues to suffer;

d. Award Staten liquidated damages;

e. Order Staten's reinstatement;

f. Award Staten prejudgment interest on her damages award;

g. Award Staten reasonable costs and attorney's fees; and

h. Grant Staten such other and further relief as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: November 3, 2021.

By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*